```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUDWIG PANTALEON-THOMAS,

                Plaintiff,

-against-

HYUNDAI CAPITAL AMERICA; PAR NORTH AMERICA; FINEST AUTOMOTIVE RECOVERY,

                Defendants.

23-CV-7418 (VEC)

ORDER OF SERVICE

VALERIE CAPRONI, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting federal and state law claims arising from the repossession of his vehicle. By order dated August 25, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). As set forth in this order, the Court directs service on Defendants, denies Plaintiff's request for a preliminary injunction and equitable relief, and refers Plaintiff to the New York Legal Assistance Group.

## DISCUSSION

**A.**    **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants Hyundai Capital America, PAR North America, and Finest Automotive Recovery through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Preliminary Injunction and Equitable Relief**

Plaintiff styles his complaint as a petition for a preliminary injunction and equitable relief, seeking the return of his repossessed vehicle. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

At this stage, Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for a preliminary injunction and equitable relief is denied.

**C.     New York Legal Assistance Group**

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the Court. It cannot accept filings on behalf of the Court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

Plaintiff's request for a preliminary injunction and equitable relief is denied. The Clerk of Court is instructed to issue summonses for Hyundai Capital America, PAR North America, and Finest Automotive Recovery, complete the USM-285 forms with the addresses for these Defendants, deliver all documents necessary to effect service to the U.S. Marshals Service, and mail Plaintiff an information package. A copy of NYLAG's flyer with details of its clinic is attached to this order.

**SO ORDERED.**

Dated:   October 2, 2023
         New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**

## DEFENDANTS AND SERVICE ADDRESSES

1. Hyundai Capital America
   3161 Michelson Dr., Suite 1900
   Irvine, CA 92612

2. PAR North America
   11299 North Illinois St.
   Carmel, IN 46032

3. Finest Automotive Recovery
   38 Rector St.
   Staten Island, NY 10310