UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUDWIG PANTALEON-THOMAS,

                    Plaintiff,

-v-

HYUNDAI CAPITAL AMERICA, PAR NORTH AMERICA, and FINEST AUTOMOTIVE RECOVERY,

                    Defendants.

CIVIL ACTION NO.: 23 Civ. 7418 (VEC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is pro se Plaintiff Ludwig Pantaleon-Thomas' second motion (ECF No. 27 (the "Second Motion")) for reconsideration of the Court's February 12, 2024 Order denying his request (ECF No. 19 (the "Request")) for an order directing Defendants' to amend their answer pursuant to Federal Rule of Civil Procedure 8 and striking certain of Defendants' affirmative defenses. (ECF No. 22 ¶ 1). The Court denied the Request without prejudice to renewal "at the appropriate time, following the close of discovery." (Id.) On March 11, 2024, Mr. Pantaleon-Thomas filed his first motion for reconsideration, in which he stated that he "would like to clarify for the record that his [R]equest for said order is pursuant to Rule 8(b), not Rule 8(a)." (ECF No. 25 ¶ 5 (the "First Motion")). On March 14, 2024, the Court acknowledged Mr. Pantaleon-Thomas' clarification but, for the same reasons stated at the February 12, 2024 initial case management conference, denied the First Motion and upheld its denial of Request without prejudice to renewal at the appropriate time, following the close of discovery. (ECF No. 26).

In the Second Motion, Mr. Pantaleon-Thomas states that "he does not recall any specific details or agreements made during the initial case management conference pertaining to or addressing the Defendant's failure to comply with Rule 8(b)." (ECF No. 27 ¶ 8). He also argues

that the Court "is without authority or discretion to deviate from the requirements and timelines outlined[d] in Rule 8(b)." (Id. ¶ 11).  He asks the Court "to compel [Defendants] to promptly amend their answers and affirmative defenses in accordance with Rule 8(b) or alternatively deem [Mr. Pantaleon-Thomas'] allegations . . . admitted." (Id.)

For the same reasons stated during the February 12, 2024 initial case management conference, the Request remains denied without prejudice to renewal at the appropriate time, following the close of discovery.  See Bell v. Koss, No. 17 Civ. 7762 (AT) (DCF), 2020 WL 4570439, at *5 (S.D.N.Y. Aug. 7, 2020) (denying motion to strike answer where the plaintiff argued it was improper for the defendant "to deny or decline to admit many of the allegations in" the complaint, and noting that "[a] motion to strike is not an appropriate vehicle for a court to determine whether the statements in a pleading are supported by or contrary to the evidence— answering those questions is the whole purpose of litigation").  Accordingly, the Second Motion is DENIED.

The Clerk of Court is respectfully directed to close ECF No. 27.

Dated:   New York, New York
         March 21, 2024

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**