UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUDWIG PANTALEON-THOMAS,

                              Plaintiff,

        -v-

HYUNDAI CAPITAL AMERICA, PAR NORTH
AMERICA, and FINEST AUTOMOTIVE RECOVERY,

                              Defendants.

CIVIL ACTION NO.: 23 Civ. 7418 (VEC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On August 21, 2023, <u>pro se</u> Plaintiff Ludwig Pantaleon-Thomas ("Mr. Pantaleon-Thomas")

filed this action against Defendants Hyundai Capital America, Par North America, and Finest

Automotive Recovery (together, "Defendants"), asserting federal and state law claims arising

from the repossession of his vehicle.  (ECF No. 1 (the "Complaint")).[1]  On January 15, 2024,

Defendants filed their answer to the Complaint which included various affirmative defenses.

(ECF No. 17 (the "Answer")).

On February 5, 2024, Mr. Pantaleon-Thomas filed a response to the Answer, in which he

requested an order directing Defendants to amend their Answer pursuant to Federal Rule of Civil

Procedure 8 ("Rule 8") and striking certain of Defendants' affirmative defenses. (ECF No. 19

(the "Request")).  Mr. Pantaleon-Thomas raised three primary issues with respect to Defendants'

responses to his allegations: (i) they state that several allegations "are conclusions of law to which

no response is required," (ii) they deny information or knowledge sufficient to respond to several

---

[1] On October 2, 2023, the Honorable Valerie E. Caproni denied Mr. Pantaleon-Thomas' request for a
preliminary injunction and equitable relief, and referred the action for general pretrial supervision and all
dispositive motions.  (ECF Nos. 6; 8).

allegations, and (iii) they deny several allegations without "fairly respond[ing] to the substance of the allegation." (Id. ¶¶ 1–25).

During the telephonic initial case management conference on February 12, 2024 (the "Initial Conference"), the Court explained to Mr. Pantaleon-Thomas that it would not require Defendants to amend their Answer at this time because, having reviewed it, the Court determined that the Answer satisfied Rule 8. (See ECF Nos. 18; 22; ECF min. entry Feb. 12, 2024).[2] Accordingly, the Court denied the Request without prejudice to renewal at the appropriate time, following the close of discovery. (ECF No. 22 ¶ 1 (the "Feb. 12 Order")).

On March 11, 2024, Mr. Pantaleon-Thomas filed a motion for reconsideration of the Feb. 12 Order, in which he stated that he "would like to clarify for the record that his [R]equest . . . is pursuant to Rule 8(b), not Rule 8(a)." (ECF No. 25 ¶ 5 (the "First Motion")). On March 14, 2024, the Court acknowledged Mr. Pantaleon-Thomas' clarification but, for the same reasons stated at the Initial Conference, denied the First Motion and upheld its denial of the Request without prejudice to renewal at the appropriate time, following the close of discovery. (ECF No. 26).

On March 18, 2024, Mr. Pantaleon-Thomas filed a second motion for reconsideration, in which he stated that "he does not recall any specific details or agreements made during the [Initial Conference] pertaining to or addressing the Defendant's failure to comply with Rule 8(b)." (ECF No. 27 ¶ 8 (the "Second Motion")). He argued that the Court "is without authority or discretion to deviate from the requirements and timelines outlined[d] in Rule 8(b)[,]" and asked the Court "to compel [Defendants] to promptly amend their answers and affirmative defenses in

---

[2] Mr. Pantaleon-Thomas is advised that he may order a transcript of the Initial Conference. The form and instructions are available on the Court's website at https://www.nysd.uscourts.gov/forms/electronic-court-recording-transcript-request-form-ecr-1.

accordance with Rule 8(b) or alternatively deem [Mr. Pantaleon-Thomas'] allegations . . . admitted." (Id. ¶ 11). On March 21, 2024, the denied the Second Motion and ruled that, "[f]or the same reasons stated during the [Initial Conference], the Request remains denied without prejudice to renewal at the appropriate time, following the close of discovery." (ECF No. 28 at 2 (citing Bell v. Koss, No. 17 Civ. 7762 (AT) (DCF), 2020 WL 4570439, at *5 (S.D.N.Y. Aug. 7, 2020) (denying motion to strike answer where the plaintiff argued it was improper for the defendant "to deny or decline to admit many of the allegations in" the complaint, and noting that "[a] motion to strike is not an appropriate vehicle for a court to determine whether the statements in a pleading are supported by or contrary to the evidence—answering those questions is the whole purpose of litigation").[3]

On March 26, 2024, Mr. Pantaleon-Thomas filed a "motion for clarification," in which he asks, inter alia, "[w]hether the court would reconsider its ruling [on the Request] in light of the Defendant's non-compliance with Rule 8(b) and the importance of upholding procedural fairness in this case." (ECF No. 29 at 2 (the "Mar. 26 Request")). On March 27, 2024, the Court directed Defendants to file by April 3, 2024 a response to the Mar. 26 Request and, in particular, to address whether their Answer complies with Rule 8(b). (ECF No. 30 (the "Scheduling Order")). On March 29, 2024, Mr. Pantaleon-Thomas filed a motion for reconsideration of the Scheduling Order for failure to address his "request for clarification regarding this Court's rationale, logic, reasoning, or discretion behind its denial. (ECF No. 31 (the "Mar. 31 Request")).

On April 3, 2024, pursuant to the Scheduling Order, Defendants filed a response to the Mar. 26 Request. (ECF No. 32). Defendants argue that their "Answer contained admissions and

---

[3] Internal case citations and quotation marks are omitted from case citations unless otherwise indicated.

denials in accordance with Fed. R. Civ. P. 8(b) in response to each of the 46 allegations contained in the Complaint." (Id. ¶ 12).

The Court construes Mr. Pantaleon-Thomas' Mar. 26 Request and the Mar. 31 Request together as a renewal of the Request (the "Renewed Request") which, for the reasons set forth below, is DENIED.

Rule 8 provides:

(b) **Defenses; Admissions and Denials**.

(1) <u>In General</u>. In responding to a pleading, a party must:

> (A) state in short and plain terms its defenses to each claim asserted against it; and

> (B) admit or deny the allegations asserted against it by an opposing party.

(2) <u>Denials</u>--Responding to the Substance. A denial must fairly respond to the substance of the allegation.

(3) <u>General and Specific Denials</u>. A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

(4) <u>Denying Part of an Allegation</u>. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) <u>Lacking Knowledge or Information</u>. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

(6) <u>Effect of Failing to Deny</u>. An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Fed. R. Civ. P. 8(b). "[T]here are no magic words needed to deny an allegation." <u>Koch v. Pechota</u>, No. 10 Civ. 9152, 2013 WL 3892827, at *7 (S.D.N.Y. July 25, 2013). Rather, "[t]he federal rules

were designed to eliminate objections based on frivolous or immaterial technicalities." Id. "As long as the statement fairly meets the substance of the averment being denied and it is clear what defenses the adverse party is being called upon to meet at trial, a responsive plea should be upheld even though it may be argumentative in form." Id.; see Bromfield v. Bronx Lebanon Special Care Ctr., Inc., No. 16 Civ. 10047 (ALC) (SLC), 2020 WL 7696003, at *5 (S.D.N.Y. Dec. 28, 2020).

Federal Rule of Civil Procedure 12 provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Federal [c]ourts have discretion in deciding whether to grant motions to strike." Capri Sun GmbH v. Am. Beverage Corp., 414 F. Supp. 3d 414, 423 (S.D.N.Y. 2019). "[M]otions to strike under Rule 12(f) are generally disfavored and granted only if there is strong reason to do so." Cadet v. All. Nursing Staffing of N.Y., Inc., No. 21 Civ. 3994 (KPF), 2023 WL 3872574, at *1 (S.D.N.Y. Jan. 6, 2023), recons. denied, 2023 WL 3872558 (S.D.N.Y. Apr. 12, 2023); see RSM Prod. Corp. v. Fridman, 643 F. Supp. 2d 382, 394 (S.D.N.Y. 2009) ("[M]otions to strike are viewed with disfavor and infrequently granted."), aff'd, 387 F. App'x 72 (2d Cir. 2010) (summary order). "The moving party bears the burden on a motion to strike." Cadet, 2023 WL 3872574, at *1 (citing Jablonski v. Special Couns., Inc., No. 16 Civ. 5243 (ALC), 2020 WL 1444933, at *3 (S.D.N.Y. Mar. 25, 2020).

Having again reviewed the Answer and considered Mr. Pantaleon-Thomas' arguments, the Renewed Request is DENIED. As Defendants correctly note, their Answer contains admissions and denials to each of the 46 allegations contained in the Complaint. (ECF No. 32 ¶ 12; see ECF No. 17). "[W]hile [Defendants' responses] may not be elaborate, the basic requirements

5

of Rule 8(b) have been met." <u>Koch</u>, 2013 WL 3892827, at *8 (citing <u>White v. Smith</u>, 91 F.R.D 607, 608 (W.D.N.Y. 1981) ("The federal rule does not contemplate an elaborate reply to every allegation of a complaint.  It does not bind a defendant to his, her, or its responses for all time. It does not even condemn averments of insufficient information or knowledge upon which to form a belief as to the truth of the complainant's allegations.").  While Mr. Pantaleon-Thomas takes issue, for example, with Defendants' statements in the Answer that several allegations "are conclusions of law to which no response is required" and argues that "Rule 8 does not permit" this type of response (<u>see</u> ECF No. 19 ¶ 1), Mr. Pantaleon-Thomas overlooks that, in nearly each instance, Defendants proceed to deny the allegations "[t]o the extent any response is required[.]" (ECF No. 17 ¶ 1; <u>see</u> <u>id.</u> ¶¶ 2–5).  Similarly, while Mr. Pantaleon-Thomas claims that several of Defendants' responses do no "fairly respond[] to the substance of the allegation" (<u>see</u> ECF No. 19 ¶ 9), this conclusory statement merely "appeals to the language of Rule 8" and fails to establish "how Defendants' denials prejudice" him. <u>Cadet</u>, 2023 WL 3872574, at *3.  "The Court declines to further parse through each paragraph of the [] Answer when to do so would waste the Court's time and provide little, if any, value to Plaintiff's case." <u>Packard v. City of New York</u>, No. 15 Civ. 7130 (AT) (SDA), 2018 WL 2229123, at *3 (S.D.N.Y. Apr. 30, 2018).

Although the Renewed Request does not specifically challenge Defendants' affirmative defenses, the Court also finds that the affirmative defenses "are legally sufficient in that they provide fair notice to Plaintiffs of the nature of the defenses and there are questions of fact and law that might allow the defenses to succeed." <u>Packard</u>, 2018 WL 2229123, at *3.

As the Court has explained to Mr. Pantaleon-Thomas, "[a] motion to strike is not an appropriate vehicle for a court to determine whether the statements in a pleading are supported

by or contrary to the evidence—answering those questions is the whole purpose of litigation."

Bell v. Koss, No. 17 Civ. 7762 (AT) (DCF), 2020 WL 4570439, at *5 (S.D.N.Y. Aug. 7, 2020).  Whether

evidence supports or contradicts Defendants' affirmative defenses or denials is a question to be

addressed following the close of fact discovery, as the Court has advised, on motions for summary

judgment and at trial.  See Avent v. Solfaro, 210 F.R.D. 91, 94 (S.D.N.Y. 2002).

      The Clerk of Court is respectfully directed to close ECF Nos. 29 and 31.

Dated:      New York, New York
              April 5, 2024

                               SO ORDERED.

                               **SARAH L. CAVE**
                               **United States Magistrate Judge**